SOTO, PLAINTIFF AND APPELLANT, *v.* ORTIZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action for Divorce.

No. 1865.—Decided February 7, 1919.

DIVORCE—RECONCILIATION.—In case of reconciliation the plaintiff cannot continue exercising the rights which he may have, but is at liberty to file a new suit for causes that have occurred after the reconciliation, and in such case may allege the former causes to corroborate the new action. Sec. 172, Rev. Civ. Code.

The facts are stated in the opinion.
*Mr. Enrique Campillo* for the appellant.
*Mr. Sandalio Torres Monge* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

José Soto brought an action for divorce against his wife, Isabel Ortiz, alleging cruel treatment and grave injuries. The defendant denied the material allegations of the complaint and filed a counter-complaint praying for a divorce from her husband on the same grounds.

The case went to trial and both parties introduced their evidence. The court finally rendered judgment dismissing the complaint and counter-complaint. The plaintiff appealed from that judgment and his appeal is now before us for consideration.

The following occurred during the trial:

"*Judge.*—The court will not admit any evidence regarding the sixth count because the seventh shows that this offense was pardoned

by the plaintiff, and if the action for divorce were based on that cause of action it would be extinguished according to section 171 of the Code, for after the commission of the act it was pardoned and there was a reconciliation, which extinguishes that cause of action for divorce; therefore we must limit ourselves to the allegations contained in counts 8 and 9 of the complaint.

"*Plaintiff.*—We except to the ruling of the court because, understanding that although the provision of the section cited by the court may be as regards the fact of the reconciliation a fact that cannot be adduced as direct evidence and as a fact essential to the prosecution of the action, we believe it is necessary to enable us to show the character of the defendant in this case."

The sixth count of the complaint alleges that without justification or cause the defendant emptied a kettle of boiling water over the plaintiff, scalding him; and the seventh count alleges that later the defendant returned to his home, apparently repentant, and that the plaintiff forgave her.

The appellant contends, however, in his brief that although section 171 of the Civil Code prescribes that an action for divorce shall be lost upon the reconciliation of the parties, whether said reconciliation occurs after the act which might have been the cause for the divorce or after the action has been brought, the following section of the same code also prescribes that in case of reconciliation the plaintiff cannot continue exercising the rights which he may have, but is at liberty to file a new suit for causes that have occurred after the reconciliation, *and in such case may allege the former causes to corroborate the new action.*

And the plaintiff rightly claims that the complaint sets up facts that occurred after the reconciliation which of themselves constitute lawful grounds for divorce, and that under these conditions the court erred in not allowing him to submit evidence of the facts which occurred prior to the reconciliation.

Although the grounds for the exception were not stated in an absolutely clear manner, inasmuch as appellant should

have cited section 172 of the Civil Code, we are of the opinion that he afforded the court a sufficient basis upon which to decide the question, and as its ruling was contrary to the law, the judgment should be reversed and a new trial granted.

*Reversed and new trial ordered.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.